## IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| **JOHN WILLIAMS,** | **)** | |
| | **)** | |
| **Petitioner** | **)** | |
| | **)** | |
| **vs.** | **)** | **Case No. CIV-05-441-M** |
| | **)** | |
| **RON WARD,** | **)** | |
| | **)** | |
| **Respondent** | **)** | |

## <u>REPORT AND RECOMMENDATION</u>

Petitioner, a state prisoner appearing pro se, brings this action under 28 U.S.C. § 2241 seeking a writ of habeas corpus. Pursuant to an order by United States District Judge Vicki Miles-LaGrange, the matter has been referred to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B). A response to the petition has been filed, and Petitioner has replied. Thus, the matter is at issue and is ready for disposition.

Although Petitioner is not challenging his convictions, Respondent notes that he is currently in the custody of the Oklahoma Department of Corrections (DOC), serving sentences in three separate cases from the District Court of Tulsa County: Case No.  CF-1998-1962 (larceny from a person); CF-2003-226 (attempting to obtain controlled drug by fraud); and CF-2003-760 (attempting to obtain controlled drug by fraud).  Response, p.  1. In this action, Petitioner claims that he was denied due process under the Fourteenth Amendment in connection with a prison disciplinary proceeding instituted during his previous confinement[1] at Northeast Oklahoma Correctional Center (NOCC), and which resulted in a loss of earned credits.

---

[1]Petitioner is currently assigned to the Lawton Correctional Facility.  Petition, p.  1.

## I. BACKGROUND

On August 23, 2004, Petitioner received a copy of a misconduct report charging him with possession/manufacture of contraband.  Petition, Ex. A.  According to the misconduct report, case manager Randy Burke received information on August 10, 2004, that Petitioner had received Xanax on August 7, 2004, from an unnamed source, took some of it, and then sold the rest to other inmates.  Id.  The report also stated that upon receiving this information, Mr. Burke went to Petitioner's cell and asked him if the incident was true, to which Petitioner responded that it "would never happen again." Id.

The investigator's report of the misconduct offense included Petitioner's statement that "I was having a conversation out on the smoke yard about what I did on the street (getting Xanax) and must have been overheard.  When I was talking to Mr. Burke I thought we were talking about my conversation out back, not anything that happened on the yard.  I've never had any Xanax since I've been in prison." Petition, Ex.  B.  The investigator's report, dated August 31, 2004, indicated that no written confidential witness testimony was taken.  Id.

A hearing was conducted on August 31, 2004, and the disciplinary hearing officer found Petitioner not guilty of the offense.[2] Petition, Ex.  C.  Although the form only calls for evidence relied upon for a finding of guilty, it contains the following explanation: "There is no evidence to support the charge of possession of contraband.  There are no

---

[2]It appears that this hearing was conducted at the Jess Dunn Correctional Center, where Petitioner was housed at the time.  See Petition, Ex. C.  Petitioner's Consolidated Record Card shows that he was housed at NOCC from January 6, 2004, to August 16, 2004, and at Jess Dunn Correctional Center from August 16, 2004,to September 29, 2004, when he was moved to his current housing assignment at the Lawton Correctional Facility.  Response, Ex.  1, p.  1.

statements from the 'unnamed source and no admit to having the evidence by the Inmate. No confidential statements.  Not enough evidence to support this charge.  The reporting staff member only states that he heard this from other sources does not have any contraband to show guilt."  Id.  Under the part of the form used for facility head review, the space for "Order for rehearing" is checked, and it is dated September 1, 2004, and signed by Cheryl Bryan, Warden's Designee.  Id.  However, it also appears that there was some marking in the space for "Affirm," but the writing is obliterated, initialed "CB" and dated September 16, 2004.

A second investigator's report, marked "Ammended" [sic], was then prepared, and the following was added in the space provided for "Additional facts discovered by investigator not in incident reports, evidence, and/or witness statements": "During further investigation on 9/15/04 I was given the attached confidential witness testimony along with credible reliability statement to be used as additional evidence at the re-hearing." Petition, Ex.  D.  However, the "No" box indicating that confidential witness testimony had not been taken was still checked. Petition, Ex.  D.  Petitioner states that he was provided with this amended investigator's report on September 16, 2004.  Petition, p.  3.

A second hearing was held on the misconduct report on September 21, 2004. Petition, Ex.  E.  According to the disciplinary hearing report, Petitioner was found guilty upon the following evidence: "Case manager Burke's statement on offense report that 'On August 10, 2004, this R/E received information that Inmate Williams had received Xanax Saturday, August 7, 2005 from an unnamed source.  Inmate Williams then took some of the Xanax and then sold some to other Inmates.  This R/E went to Inmate Williams cell

and asked him if this was true, he told me it would never happen again.' Case manager
Burke has nothing to gain by making false statements. Also relied upon information
contained in confidential witness statement." Petition, Ex. E; Response, Ex. 2, p. 8.
The disciplinary hearing report form also contains the following statement separately
signed by the disciplinary hearing officer "Confidential Statements: I have independently
reviewed the reliability statement and have found that it sufficiently supports the
reliability of the confidential witness statement(s)." Petition, Ex. E.

Petitioner appealed from the misconduct conviction to the facility head on several
grounds, checking the boxes indicating that he was not provided written notice of the
charge, was not provided copies of evidence and/or reports (except any confidential
testimony/evidence), and that he was not permitted to present relevant documentary
evidence. Petition, Ex. F. He also checked boxes indicating that there was no
determination as to the reliability of any confidential witness testimony, no written
statement of the evidence utilized for a determination of guilt, and no evidence. <u>Id.</u>
Petitioner added two handwritten notes to the appeal form: "improper notice when using
a confidential statement not apart included with the misconduct report written"; and
"never assess properly and improper use in the first hearing and second insufficient
evidence." Petition, Ex. F. The facility head affirmed the finding of guilty. Petition, Ex.
G. Petitioner appealed this decision to the DOC Director, and the Director's Designee
concurred with the decision of the facility head on January 13, 2005:

> The information in the confidential statement indicates that you had Xanax
> and you were selling it to other inmates. This is sufficient evidence to
> support the charge. The reliability of the confidential witness was
> documented, and the hearing officer found this documentation to be

sufficient.  The fact that you stated that it would not happen again when asked if you had Xanax, provided supporting evidence to the confidential statement.  The Offense Report provided you with sufficient notice of the charge.  You were found not guilty at the original hearing, as there was no confidential information, which was required to support the charge.  The confidential information was documented, and submitted into evidence for the rehearing.  Disciplinary Procedures does not prohibit entering new evidence for a rehearing.  Although the evidence was not included with the original hearing paperwork, the information had been reported and was available.  The statement made in the evidence relied upon for a finding of guilt sufficiently meets the requirements of OP-060125IV.D.2.  Physical evidence was not available, or required in this case.  The investigator documented that you received a copy of all evidence that was used against you.  A review of the Investigator's Report and the hearing tape verifies that you were not denied the opportunity to present documentary evidence for your defense.

Petition, Ex.  H.

## II.  DISCUSSION

Petitioner raises two theories in support of his claim that the disciplinary proceeding violated his right to due process.  First, he claims that the facility head failed to complete his or her review of either the initial hearing or the rehearing within two days as required by DOC policy.  Second, he claims that the confidential statement was insufficient to satisfy the requirement that there be "some evidence" of guilt in order to satisfy due process.

### A.  Due Process Requirements in Prison Disciplinary Proceedings

In Oklahoma, state law creates a liberty interest in earned credits.  See Okla. Stat. tit. 57, § 138(A); see also Waldon v. Evans, 861 P.2d 311, 313  (Okla. Crim. App. 1993) ("the State has created a liberty interest in earned credits").  As a result, inmates who earn sentence credits are entitled to due process protection before such credits may be taken away.  Mitchell v. Maynard, 80 F.3d 1433, 1444 (10th Cir. 1996) (inmate's liberty

interest in earned credits cannot be denied without the minimal safeguards afforded by the Fourteenth Amendment's Due Process Clause). However, "[p]rison disciplinary proceedings are not part of a criminal prosecution, and the full panoply of rights due a defendant in such proceedings does not apply." Wolff v. McDonnell, 418 U.S. 539, 556 (1974). To meet the due process standard in an institutional disciplinary proceeding, an inmate must receive (1) advance written notice of the disciplinary charge; (2) an opportunity, consistent with the institutional safety and correctional goals, to present witnesses and documentary evidence; and (3) a written statement of the evidence relied on and the reasons for any disciplinary action. Superintendent v. Hill, 472 U.S. 445, 454 (1985). If these requirements are met, and there is "some evidence" to support the decision, then procedural due process has been provided. Id. The decision can be upheld even if there is only "meager" evidence supporting the decision. Id. at 457; Mitchell, 80 F.3d at 1445.

### B. Violation of DOC Policies

Evidence offered by Respondent shows that Petitioner had adequate notice of the conduct with which he was accused, an opportunity to present evidence, and a written statement of the evidence relied upon and the reasons for the disciplinary action. Response, Ex. 2. Thus, the procedural requirements set forth by Hill, 472 U.S. at 454, have been met. Nonetheless, Petitioner contends that the DOC's alleged failure to follow its own regulations is in and of itself a violation of due process. However, "a failure to adhere to administrative regulations does not equate to a constitutional violation," and thus the relevant inquiry is not whether the procedures complied with the requirements

6

of prison regulations. <u>Malik v. Kindt</u>, No. 95-6057, 1996 WL 41828,*2 (10th Cir. Feb. 2, 1996) (quoting <u>Hovater v. Robinson</u>, 1 F.3d 1063, 1068 n. 4 (10th Cir. 1993)).[3] Rather, as set out above, this Court's review of Petitioner's disciplinary proceeding is "limited to whether the three steps mandated by <u>Wolff</u> were followed and whether there was some evidence to support the disciplinary [hearing officer's] findings." <u>Mitchell</u>, 80 F.3d at 1445. <u>See also</u> <u>Sandin v. Conner</u>, 515 U.S. 472, 481-82 (1995) (noting generally that prison regulations do not confer protected liberty interests in the enforcement of those regulations); <u>Kirkland v. Provience</u>, No. 94-6245, 1995 WL 377088, *7 (10th Cir. Feb. 2, 1995)(finding Department of Corrections' regulations governing disciplinary proceedings do not generally create liberty interest in strict enforcement of those rules and failure to comply with such regulations is not a violation of due process). Thus, even if DOC failed to strictly follow its own regulation here, due process was nonetheless provided. Moreover, it appears that there was no failure to comply with the regulation, as the two-day time frame for facility head review is not a hard and fast rule. Petition, p. 3; Department Inmate Disciplinary Procedures, OP-060125.IV.F <http://www.doc.state. ok.us/Offtech/op060125.htm> ("The facility head / district supervisor or designee will review all disciplinary actions within two days *or as promptly as practicable*, after completion of the hearing and may affirm, dismiss, modify, or order a rehearing") (emphasis added).

### C. Some Evidence

---

[3]This and any other unpublished disposition are cited herein as persuasive authority pursuant to Tenth Circuit Rule 36.3.

Finally, Petitioner claims that correctional officials violated his right to due process when relying on a confidential statement to find him guilty of misconduct, and that the remaining evidence alone was insufficient to satisfy the <u>Hill</u> "some evidence" standard. Petitioner asserts that the disciplinary hearing officer made no effort to determine for himself that the confidential statement was sufficiently reliable, and simply accepted the investigator's determination of reliability.

In <u>Taylor v. Wallace</u>, 931 F.2d 698 (10th Cir. 1991), the Tenth Circuit Court of Appeals recognized that "the testimony of confidential informants cannot be given any weight absent a 'determination made by the prison staff that indicated that the informant was reliable.'" <u>Taylor</u>, 931 F.2d at 701 (quoting <u>Brown v. Smith</u>, 828 F.2d 1493,1495 (10th Cir. 1987)). Because judicial review of a disciplinary committee or hearing officer's determination of reliability is deferential, the Court in <u>Taylor</u> concluded that the reviewing court "need only determine whether reliability has been established by some evidence." <u>Id.</u> The Court did not adopt the standards applied by the Seventh Circuit in <u>Mendoza v. Miller</u>, 779 F.2d 1287 (7th Cir. 1985), the case relied upon heavily by Petitioner. Rather, the <u>Taylor</u> Court concluded that "[a]ny reasonable basis for establishing the credibility of the informant's information, including such techniques as those outlined by the Seventh Circuit in <u>Mendoza</u> ... is acceptable." <u>Id.</u> at 702. Because the record in <u>Taylor</u> was "essentially silent with respect to the disciplinary committee's findings of reliability," the Court reversed the district court's decision and remanded the case for further proceedings, to include "additional documentation, if any, from the

investigation, the record of the hearing, or the confidential statements themselves" from which to ascertain reliability. Id.

In this case, three separate correctional officials reviewed the reliability of the confidential witness and his testimony. Following the investigator's submission of his report containing the statement of the confidential witness and what he called a "credible" reliability statement, the disciplinary hearing officer conducted his own independent review of the reliability statement and found that it sufficiently supported the reliability of the confidential witness. Petition, Ex. E. In Petitioner's appeal of the disciplinary decision, the DOC Director's Designee expressed her own independent evaluation of the sufficiency of the evidence, including a description of the contents of the confidential statement, noting the fact that reliability of the statement had been documented, and that Petitioner's own statement that it "would not happen again" corroborated the information contained in the statement. Petition, Ex. H. Although the Court has not reviewed the confidential witness statement, the record shows that a determination was made by the prison staff that the witness was credible, and that the determination was based on some evidence of reliability – not the least of which was Plaintiff's own statement upon being initially confronted regarding the Xanax matter. Accordingly, the disciplinary hearing officer properly relied upon the confidential witness statement as "some evidence" of Petitioner's guilt.

In his reply, Petitioner for the first time urges that the failure of the DOC authorities to offer a positive drug laboratory test report in his hearing was a "direct violation" of Wolff. Petitioner's Reply, p. 2. However, as long as the minimum due

process requirements of <u>Wolff</u> and <u>Hill</u> are met, and there is some evidence to support the finding of guilty, there is no requirement that the State either offer or refrain from offering any other relevant evidence.  As the purpose of judicial review is to determine the *existence* of some evidence, and not to weigh the evidence, <u>Hill</u>, 472 U.S. at 454, it follows that the role of the Court does not include – as Petitioner suggests – ensuring that the State has offered the "most relevant" evidence.  Thus, neither the absence of any positive drug tests for Xanax, nor the failure of the DOC to offer that evidence,  violates due process so long as the evidence that *was* offered satisfies the "some evidence" standard.

In light of the foregoing, the undersigned finds that Petitioner's disciplinary proceeding met minimum due process requirements, and that the finding of guilt was supported by some evidence.  Accordingly, it is recommended that the petition be denied.

## <u>RECOMMENDATION</u>

For these reasons, it is the recommendation of the undersigned Magistrate Judge that the petition for a writ of habeas corpus be denied. Petitioner is advised of his right to file objections to this Report and Recommendation with the Clerk of this Court by September 15, 2005, in accordance with 28 U.S.C. § 636 and Local Civil Rule 72.1. Petitioner is further advised that failure to make timely objection to this Report and Recommendation waives the right to appellate review of both factual and legal issues contained herein.  <u>Moore v. United States</u>, 950 F.2d 656 (10th Cir. 1991).  This Report

and Recommendation disposes of all issues referred to the undersigned Magistrate Judge in the captioned matter.

**ENTERED this 26th day of August, 2005.**

DOYLE W. ARGO
UNITED STATES MAGISTRATE JUDGE